Priority
Send
Enter
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY R. MADISON,<br><br>　　Petitioner,<br><br>　　v.<br><br>MICHAEL MARTEL, Warden of California State Prison at San Quentin,<br><br>　　Respondent. | CASE NO. CV 11-3307 GW<br><br>**DEATH PENALTY CASE**<br><br>ORDER DISMISSING FEDERAL HABEAS PROCEEDINGS |

On April 19, 2011, Petitioner Rickey R. Madison, a California prisoner incarcerated at San Quentin State Prison and proceeding pro se, initiated the above-titled action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").

Petitioner was sentenced to death on July 17, 2009. His automatic appeal is pending; counsel has not been appointed and no opening brief has been filed. The California Supreme Court notified Petitioner by letter dated March 29, 2011 that "postconviction counsel will be appointed by this court on your behalf in due course . . . ." (Pet. Ex. D.) Notwithstanding the pendency of his direct appeal, Petitioner filed state habeas petitions on December 7, 2010, February 4, 2011, and

//
//

March 29, 2011, along with a fourth petition denied March 10, 2011,[1] and has filed the instant Petition.

The Petition alleges one claim for relief. Petitioner contends he is "in custody in violation of the constitution or law or treaties of the United States" on the basis that:

> [t]he prosecutor filed murder charge on co-defendant Kenneth Mitchell. So when he went to trial for murder his jury found him not guilty. So the charge the prosecutor had establish[ed] at Petitioner['s] jury trial was dismiss. Which means Petitioner is [a]ctually [i]nnocence as well as Kenneth Mitchell, but the court went against standard procedures and sent Petitioner to San Quentin death row illegally.

(Petition at 5, 5 cont. (text as in original, except as noted).)

"When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted" as to claims that are raised, or could be raised, in the appeal. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (holding petitioner's "claim is premature, and must be dismissed for failure to exhaust state remedies") (footnote omitted); see also Shove v. Ayers, No. 09-55013 (9th Cir. Mar. 24, 2009) (denying motion for certificate of appealability from order summarily dismissing habeas petition filed during pendency of direct appeal, on the basis that "no reasonable jurist would debate that Petitioner must first exhaust state remedies before challenging his state court conviction in federal court").

Moreover, although Petitioner alleges he has sought relief "in the lower courts" (Pet. at 5 cont. (citing Exs. B, C, D)), an exhibit attached to the Petition

---

[1] In addition, Petitioner states that he filed a habeas petition in Marin County Superior Court, Case No. SC172006A, in September 2010. (Pet. at 3.) The Marin County Superior Court Public Index reflects a criminal, not civil, case by that number filed on September 8, 2010, with Petitioner's name.

2

shows his claim to be unexhausted. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Corpus Rules") Rule 4 ("If it plainly appears from the petition <u>and any attached exhibits</u> that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition" (emphasis added)). Exhibit C, a March 10, 2011 Order Denying Writ of Habeas Corpus issued by the Los Angeles County Superior Court states:

> Petitioner claims he was illegally convicted of first degree murder with special circumstances because the co-defendant in this case was acquitted by jury. This claim <u>can be raised on appeal</u> (which is automatic since petitioner was sentenced to death) and is not cognizable on writ of habeas corpus.

(Pet. Ex. C (emphasis added).) As noted above, Petitioner has requested appointment of counsel in his pending automatic appeal, and the California Supreme Court has indicated that postconviction counsel will be appointed "in due course." (Id. Ex. D.)

Where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Habeas Corpus R. 4. A petitioner is not entitled to relief in the district court on a claim that is unexhausted. United States Code title 28 section 2254(b)(1) provides, in relevant part, that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(a). Indeed, the United States Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also Rhines v. Weber, 544 U.S. 269, 274 (2005) (addressing application of total exhaustion requirement to petitions containing both exhausted

and unexhausted claims); 28 U.S.C. § 2254(b)(1), (c). "[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner[s'] federal rights." Coleman, 501 U.S. at 731. The federal court must allow "'the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, . . . an opportunity to pass upon the matter.'" Id. (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). Thus, a petitioner has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The state court has expressly indicated that Petitioner has such a right here. (See Pet. Ex. C ("This claim can be raised on appeal").) Because Petitioner's automatic appeal has not yet been filed, the state court has not yet had an opportunity to address and correct the alleged violations of Petitioner's federal rights. This Court must provide that opportunity to the state court.

The above-titled action is, therefore, DISMISSED. **IT IS SO ORDERED.**

Dated: April 29, 2011.

_____
GEORGE H. WU
United States District Judge